UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS, P83425,<br>    Plaintiff,<br>v.<br>BAYODE OMOSAIYE, et al.,<br>    Defendant(s). | Case No. 18-cv-04469-CRB (PR)<br>**ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS AND DISMISS ACTION WITHOUT PREJUDICE**<br>(ECF Nos. 8 & 10) |

I.

Plaintiff, a state prisoner currently incarcerated at California State Prison, Sacramento (SAC), filed a pro se complaint under 42 U.S.C. § 1983 while he was incarcerated at Salinas Valley State Prison (SVSP) alleging that SVSP medical officers and doctors have been deliberately indifferent to his serious medical needs by refusing to order further MRI studies and/or refer him for further consultation with a neurologist/neurosurgeon for chronic cervical pain for which he already has had two cervical-spine surgeries. Plaintiff also sought leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

On October 26, 2018, the court granted plaintiff's request to proceed IFP and found that, liberally construed, the allegations in the complaint appear to state a cognizable claim under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs against the named SVSP medical officers and doctors,[1] and ordered the United States marshal to serve them.

Defendants move to revoke plaintiff's IFP status under 28 U.S.C. § 1915(g) and dismiss the action without prejudice. Plaintiff did not file a response to the motion despite being advised to do so and being granted two generous extensions of time.

---

[1] Nurse Kirk was dismissed because there is no allegation or indication that Kirk is/was a decisionmaker in plaintiff's treatment plan.

II.

The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

Defendants argue that plaintiff has had three or more prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. The court has reviewed the dismissals cited by defendants and finds that at least four of them qualify as "strikes" under 28 U.S.C. § 1915(g) – Fields v. Beard, No. 1:15-cv-00666-DAD-GSA (E.D. Cal. Nov. 21, 2017) (order of dismissal for failure to state a claim); Fields v. Junious, No. 1:11-cv-00669-LJO-SKO (E.D. Cal. Aug. 27, 2012) (same); Fields v. Vikjord, No. 1:09-cv-01770-MJS (E.D. Cal. Sept. 12, 2011) (same); Fields v. Scribner, No. 1:03-cv-0674-REC-LJO (E.D. Cal. Nov. 12, 2004) (same). Plaintiff therefore may proceed IFP only if he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

The gravamen of plaintiff's complaint is that SVSP medical officers and doctors have not given him the treatment he wants for his chronic cervical pain. Despite two prior cervical-spine surgeries and continued medical treatment, plaintiff wants them to order further MRI studies and/or refer him for further consultation with a neurologist/neurosurgeon for a possible third cervical-spine surgery. But unfortunately for plaintiff, his allegations are not enough to draw a plausible inference that he was in imminent danger of serious physical injury at the time he filed this action.

Although regrettable, chronic pain generally is not enough to support an inference of imminent danger. See Fletcher v. Sherman, No. 1:18-cv-01317-LJO-EPG, 2018 WL 6385538, at *5 (E.D. Cal. Dec. 6, 2018). And chronic pain that is being treated, even if not to the plaintiff's liking, as is the case here, almost certainly is not enough to support an inference of imminent

2

danger of serious physical injury.  See Thompson v. Rissa, No. 1:18-cv-00098-DKW-KSC, 2018 WL 2471450, at *2 & n.6 (D. Haw. June 1, 2018); Stewart v. Lystad, No. 2:16-cv-01439-BHS-JRC, 2016 WL 6816278, at *3 (W.D. Wash. Oct. 14, 2016); Hardaway v. Days, No. 5:15-00495-RMW, at *2 (N.D. Cal. Nov. 10, 2015); Thomas v. Ellis, No. 4:12-cv-05563-CW, at **3-4 (N.D. Cal. Feb. 26, 2015).

Plaintiff's allegations of disagreement/dissatisfaction with the treatment plan for his chronic cervical pain at the time he filed this action do not satisfy the requirement that he "make[] a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing."  Andrews, 493 F.3d at 1055.  Nor does he set forth any other reason whatsoever as to why he should not be prevented from proceeding IFP under the rationale of 28 U.S.C. § 1915(g).

III.

For the foregoing reasons, defendants' motion to revoke plaintiff's IFP status (ECF No. 8) is GRANTED.  But pursuant to the law of the circuit, the action is DISMISSED without prejudice to reopening upon plaintiff's payment of the applicable $400 filing fee.

The clerk is instructed to close the file and terminate defendants' alternative motions to dismiss (see ECF No. 8 (alternative argument) and ECF No. 10) as moot.  Defendants may re-notice the alternative motions if the action is reopened.

**IT IS SO ORDERED**.

Dated: April 19, 2019

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAYODE OMOSAIYE, et al.,<br><br>　　　　Defendants. | Case No. 3:18-cv-04469-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 19, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin E. Fields ID: P-83425
California State Prison - SACIV A2-201
300 Prison Road
P.O. Box 2900
Represa, CA 95671


Dated: April 19, 2019

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　Lashanda Scott, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable CHARLES R. BREYER

4